# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CANDI SUE LEHNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 13 C 3481 |
| v. | ) |
| | ) Magistrate Judge |
| CAROLYN W. COLVIN, | ) Maria Valdez |
| acting commissioner of Social | ) |
| Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Candi Lehner ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied her claim for Social Security Disability Insurance ("SSDI") benefits. The parties have consented to the jurisdiction of this Court pursuant to 28 U.S.C. § 636(c). For the following reasons, the Court denies Plaintiff's Motion for Summary Judgment, [Doc. No. 15], and grants the Commissioner's Motion for Summary Judgment, [Doc. No. 26].

# BACKGROUND

## I. PROCEDURAL AND FACTUAL HISTORY[1]

Plaintiff has suffered from a litany of medical problems throughout her life, and, prior to this application, she filed three unsuccessful disability claims. Unfortunately, Plaintiff suffered a mild stroke in 2008, and thus filed another application for Title II and Title XVI benefits on December 18, 2009, alleging a disability onset date of October 15, 2008. Her application was denied initially and upon reconsideration. Accordingly, Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ"), who determined that she was not disabled at Step Five of the Social Security Administration's sequential analysis.

At the hearing, the ALJ found that Plaintiff suffered from the following severe impairments: coronary artery disease/stroke; thyroid disorder/Grave's disease; and depression/anxiety disorder. After determining that Plaintiff did not meet any listed impairment, the ALJ then calculated Plaintiff's Residual Functional Capacity ("RFC") and found that she could perform light work with the following exceptions: she can lift ten pounds frequently and twenty pounds occasionally; she can stand or walk for six hours in an eight-hour day, but she should stand only for thirty minutes at a time and walk only for fifteen minutes a day; she can occasionally climb ramps, stairs, ladders, ropes, and scaffolds; she can occasionally perform tasks involving fine finger manipulation; she must avoid concentrated exposure to pulmonary irritants, hazardous machinery, and unprotected heights;

---

[1] The following facts from the parties' submissions are undisputed unless otherwise noted.

she should be limited to simple, routine, and repetitive tasks with simple instructions, no production-rate pace, and no more than occasional interaction with supervisors, co-workers, and the public; and her work should require only occasional far visual acuity, and allow her to wear sunglasses at will.

The ALJ then consulted with a Vocational Expert ("VE") to determine if Plaintiff could perform her past relevant work or any jobs in the national economy. On the basis of her RFC assessment and the VE's testimony, the ALJ concluded that Plaintiff could not perform her past relevant work, but that she could perform other jobs that existed in significant numbers in the national economy. The ALJ thus found that Plaintiff was not disabled under the Social Security Act.

## STANDARD OF REVIEW

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a claimant is disabled, the ALJ conducts a five-step analysis and considers the following in order: (1) Is the claimant presently unemployed? (2) Does the claimant have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the claimant unable to perform

her former occupation? and (5) Is the claimant unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the claimant is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The claimant bears the burden of proof at steps 1–4. *Id.* Once the claimant shows an inability to perform past work, the burden then shifts to the Commissioner to show the claimant's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). Under this standard, the ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). Rather, the ALJ must simply "build an accurate and logical bridge from the evidence to his conclusion," *Clifford*, 227 F.3d at 872, and minimally articulate the "analysis of the evidence with enough detail

and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005).

A court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841. Thus, where conflicting evidence would allow reasonable minds to differ, the court must defer to the decision of the Commissioner. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990).

## DISCUSSION

On appeal, Plaintiff argues that the ALJ's decision is neither supported by substantial evidence nor based upon proper legal standards, asserting: (1) the ALJ erred by declining to admit evidence from her prior SSDI applications; (2) the ALJ improperly relied on the agency's Medical Expert ("ME") ; (3) the ALJ did not account for all of the medical evidence in calculating Plaintiff's RFC; (4) the ALJ's credibility finding is flawed; and (5) the ALJ's RFC is incompatible with the VE's testimony. The Court will address each issue in turn.

### I. Plaintiffs Records from Previous Applications

Relying on Program Operations Manual System ("POMS"), which is an internal agency handbook for Social Security Administration employees, Plaintiff first claims that the ALJ erred by not including the files from her previous SSDI applications in the record. POMS, however, merely provides that such records *may* have adjudicative significance to a current case and that ALJs *may*, therefore,

5

incorporate such records at their discretion.[2] In any event, Plaintiff's reliance on POMS is misplaced because it has no legal force and does not bind the SSA. *Parker v. Sullivan*, 891 F.2d 185, 190 (7th Cir. 1989). The Court therefore finds no error in the regard.

II. **The Medical Expert's Opinion**

Plaintiff next challenges the ALJ's reliance on the agency's medical expert, Dr. Maimon, because he allegedly did not consider all of Plaintiff's functional limitations, such as her chronic obstructive pulmonary disease, stroke, and vision problems. Plaintiff, however, has not pointed to any contrary evidence supporting the existence of those impairments (or their severity), but merely asserts that Dr. Maimon did not "consider her *allegations* of [functional impairments]." (Pl.'s Br. at 8.) In this small respect, Plaintiff is correct: Dr. Maimon did not further limit Plaintiff in virtue of her allegations, and for good reason — there are simply no medical opinions in the record that differ from his. Accordingly, the Court affirms the ALJ's reliance on Dr. Maimon's opinion. *See White v. Barnhart*, 415 F.3d 654, 659 (explaining that in the absence of evidence to the contrary, ALJs may rely heavily on ME testimony).

III. **The ALJ's Analysis of the Medical Evidence**

Undeterred, Plaintiff further argues that the ALJ did not adequately consider all of her impairments in crafting her RFC, particularly her neck pain, vision

---

[2] *See* POMS DI81020.030, available at https://secure.ssa.gov/apps10/poms.nsf/subchapterlist!openview&restricttocategory= 04810 (last accessed 5/25/15).

6

problems, and mental impairments. This argument is unavailing. In terms of her alleged neck pain, the ALJ explained that while some records indicate a reduced range of motion and pain, Plaintiff's doctor prescribed only aspirin, which cuts against the alleged severity of such pain. *See Donoahue v. Barnhart*, 279 F.3d 441, 444 (7th Cir. 2002). Moreover, as the ALJ explained, the medical evidence indicates that, despite her neck pain, Plaintiff retained full muscle strength, normal gait, and could ambulate without issue, which is consistent with the ALJ's RFC.

Similarly, with respect to Plaintiff's vision problems, the ALJ noted that the most recent medical reports demonstrate that Plaintiff's corneal abrasion had healed, and that her extreme light sensitivity was under control with treatment. Nevertheless, the ALJ accounted for these *controlled* impairments by providing that Plaintiff must be allowed to wear sunglasses and be restricted to activities that only occasionally require visual acuity.

Plaintiff's contentions regarding the ALJ's treatment of her mental impairments are equally baseless, primarily because she does not provide any discernible argument. Rather, Plaintiff offers a mix of irrelevant credibility issues[3] and the sole statement that "simple routine tasks does [sic] not account for limitations in concentration, persistence, and pace." (Pl.'s Br. at 11.) To the extent

---

[3] The Commissioner responds to Plaintiff's "credibility argument" with a section in her response brief, but the Court cannot discern any such argument from Plaintiff's moving papers. The only inkling of a challenge to the ALJ's credibility determination is two sentences in Plaintiff's brief that refer to the ME's reading of her medical records, which contain statements by physicians that Plaintiff is not credible. The ALJ did not base her credibility determination on these findings, however, and therefore this "issue" is meritless.

7

that Plaintiff believes the ALJ did not account fully for her mental impairments (which is unclear from her brief), she is mistaken. While courts have indeed held that a limitation to simple, routine, and repetitive tasks does not account for *moderate* difficulties in concentration, persistence, and pace, *see O'Conner-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010), the ALJ found that Plaintiff suffered from only *mild* difficulties in this regard. Moreover, despite Plaintiff having only mild difficulties, the ALJ further accommodated her by limiting her to tasks with limited instructions, with no production-pace rate, and no more than occasional interaction with supervisors, coworkers, and the public. Therefore, the ALJ accommodated Plaintiff above and beyond what the evidence required, and therefore Plaintiff's "argument" fails.

## IV. <u>The ALJ's Reliance on the VE's Testimony</u>

Lastly, Plaintiff challenges the ALJ's finding that she could work as an office cleaner or a self-service sales attendant. Specifically, she claims that those jobs are incompatible with two restrictions in her RFC: (1) the restriction to no more than occasional interactions with supervisors, co-workers, and the public; and (2) the need to avoid concentrated exposure to pulmonary irritants. With respect to public interaction, rather than citing any authority for her position, Plaintiff mistakenly asserts that because she would come into contact with *some* people, it follows that the above jobs must be ruled out. But the VE only opined that those jobs would be ruled out by a restriction to *no* interaction with the public, which is not an element of Plaintiff's RFC. Similarly, Plaintiff relies on a (mistaken) common-sense

8

assumption that work as an office cleaner is incompatible with the need to avoid concentrated exposure to pulmonary irritants. The VE, however, stated just the opposite, and as Plaintiff has cited no authority to the contrary, it follows that her argument fails in this respect as well.[4]

## CONCLUSION

For the reasons set forth above, the Court denies Plaintiff's Motion for Summary Judgment, [Doc. No. 15], and grants the Commissioner's Motion for Summary Judgment, [Doc. No. 26].

**SO ORDERED.**  **ENTERED:**

**DATE: March 27, 2015**

_____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**

---

[4] Plaintiff also lists a litany of "issues" at the end of her moving brief, titled "Problems that Candi Would Have Working." (Pl.'s Br. at 12.) Those "problems," however, consist entirely of reiterations of the above arguments or unsubstantiated claims of Plaintiff's limitations, which accordingly deserve no attention whatsoever.